FRANCIS VOSE, Respondent, v. DAVID L. YULEE, Appellant.

*Removal of cause to United States court — order of court or acceptance of sureties essential — Collateral security — improper disposition of — burden of proof.*

The mere filing of the papers on an application for the removal of a cause to the United States court, does not have the effect of removing the action. The court must act upon them either by order or by accepting the sureties offered. (*Bell* v. *Dix,* 49 N. Y., 233; *Cooke* v. *State Nat. Bank,* 52 id., 96; *Suydam* v. *Smith,* 1 Denio, 263; *Fairchild* v. *Durand,* 8 Abb. Pr., 305; *Bristol* v. *Chapman,*

34 How., 140; *Gordon* v. *Longest*, 16 Peters, 97; *Kanouse* v. *Martin*, 15 How. [U. S.], 198; *Ins.. Co.* v. *Dunn*, 19 Wall., 222.)

Where an indorser of a note is sued upon it, if the plaintiff has received any collateral security for its payment, the burden of proof is on the party sued to show that such collateral security has been improperly disposed of.

THIS action was originally commenced against the defendant Yulee, jointly with the Florida Railroad Company, Edward N. Dickerson, Marshall O. Roberts and Isaac H. Roberts, who were joined as co-defendants, and was founded upon an indebtedness of the Florida Railroad Company to the plaintiff upon certain notes made by the company, upon a part of which David L. Yulee was indorser. It was originally tried in 1869 at Special Term, without a jury. That court dismissed the complaint as to all the defendants. The General Term affirmed the action of the Special Term, but on the plaintiff's appeal to the Court of Appeals, that court, affirming the judgment as to all the defendants but Yulee, reversed it and ordered a new trial as to him alone. (50 N. Y., 369.)

After the decision of the Court of Appeals the defendant Yulee filed a petition for the removal of the case into the United States Circuit Court, under the act of July 27th, 1866. (14 Stat., 306.) The motion was denied. When the case was called for trial at Special Term, he again moved that that court proceed no further, basing his motion on the same ground. This was also denied.

The plaintiff rested upon the pleadings and proof of the amount due on the notes.

The court ordered a verdict for the plaintiff for the amount admitted to be due on the notes indorsed by the defendant. The General Term was of opinion that the defendant offered no evidence sufficient to show an improper disposition of certain securities held as collateral to the notes.

*E. N. Dickerson*, for the appellant.

*T. G. Strong*, for the respondent.

Opinion by BRADY, J.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.